## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Case No. 25-60042

CALUMET SHREVEPORT REFINING, LLC,

*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

*Respondent.*

On Petition for Review of Final Agency Action of the
United States Environmental Protection Agency

## UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE

Respondent U.S. Environmental Protection Agency ("EPA") respectfully moves the Court to hold this matter in abeyance to allow new Agency leadership to review the underlying action. Petitioner does not oppose this motion.

1.     Petitioner seeks review of an EPA action issued on January 16, 2025, entitled "Denial of Request for Extension of Small Refinery Temporary Exemption Under the Renewable Fuel Standard Program for Calumet Shreveport Refining, LLC's Shreveport, Louisiana Refinery" (the "Petition Denial").

2.     On February 3, 2025, Petitioner moved to stay pending judicial review its compliance obligations under the Petition Denial. ECF No. 17 (under seal).

EPA did not oppose the relief requested in that motion, ECF No. 24, and Petitioner did not file a reply. The Court granted Petitioner's motion on February 13, 2025. ECF No. 30. The certified index of the administrative record is currently due on March 11, 2025. *See* Fed. R. App. P. 17(a).

3.      As the Court is aware, a new administration took office on January 20, 2025. EPA needs time to brief new administration officials about this case and the underlying Petition Denial, to allow them to decide what action, if any, is necessary.

4.      To undertake that review in an orderly and deliberate fashion, EPA requests that the court abate proceedings in this matter, with status reports due every 90 days.

5.      This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (recognizing that a "court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of [administrative] proceedings which bear upon the case); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

6.    Courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Organized Vill. of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 968 (9th Cir.) (explaining that "[e]lections have policy consequences" and an agency is "entitled" to weigh concerns differently after a change in presidential administrations, "even on precisely the same administrative record").

7.    Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, *Union Carbide Corp. v. EPA*, No. 24-60615 (5th Cir. Jan. 29, 2025), ECF No. 48-2 (abating challenge to EPA action following change in administration); Order, *Denka Performance Elastomer v. EPA*, No. 24-60351 (5th Cir. Feb. 7, 2025), ECF No. 142-1 (same).

8.    Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to

reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (finding proposed rule that would eliminate disputed issue rendered pending case prudentially unripe).

9.    No party would be prejudiced by the requested abeyance. Petitioner does not oppose this motion.

10.    For these reasons, the Court should place this matter in abeyance, with status reports due every 90 days.

Respectfully submitted February 27, 2025.

**LISA LYNNE RUSSELL**
Deputy Assistant Attorney General

/s/ *Jeffrey Hughes*
JEFFREY HUGHES
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-4598
jeffrey.hughes@usdoj.gov
*Attorney for Respondent*

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to 5th Cir. R. 25.2.8, I filed via CM/ECF the foregoing, which will effectuate service on all counsel of record who are required to be registered on CM/ECF.

Dated:  February 27, 2025           /s/ *Jeffrey Hughes*
                                      JEFFREY HUGHES

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response complies with the requirements of Fed. R. App. P. 27(d)(2)(A) because it contains 712 words according to the count of Microsoft Word, excluding the parts of the response exempted by Fed. R. App. P. 32(f), and therefore is within the word limit of 5,200 words.

I further certify that this response complies with the requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and is double-spaced, except for headings, block quotes, and footnotes.

Dated:  February 27, 2025                    /s/ *Jeffrey Hughes*
                                             JEFFREY HUGHES